# Fourth Court of Appeals
## San Antonio, Texas


January 18, 2018

No. 04-18-00010-CR

Jonathan **BEEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR7167
Honorable Jefferson Moore, Judge Presiding

# O R D E R

Appellant pled nolo contendere to the charge of indecency—child exposure and true to repeater.  On September 1, 2017, the trial court found Appellant guilty of the offense and true to the repeater allegation, and it sentenced him to confinement for five years in the Texas Department of Criminal Justice—Institutional Division and a $1,500.00 fine.

The record does not show that Appellant filed a motion for new trial or any other post judgment motion that would extend the appellate timetable.  *See* TEX. R. APP. P. 22.5, 26.2(a)(2). Appellant's notice of appeal was due on October 2, 2017.  *See* TEX. R. APP. P. 26.2(a)(1).  On December 28, 2017, Appellant filed a notice of appeal—which was eighty-eight days late.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Absent a timely motion for new trial, a defendant's notice of appeal is timely filed if it is filed within thirty days after (1) the day sentence is imposed or suspended in open court, or (2) the day the trial court enters an appealable order.  *See* TEX. R. APP. P. 26.2; *Olivo*, 918 S.W.2d at 522.  In this case, the appellate record does not show that Appellant's notice of appeal was timely filed.

A late notice of appeal may be considered timely and invoke a court of appeals' jurisdiction if it meets the following requirements:

(1) it is filed within fifteen days of the last day allowed for filing,

(2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and

(3) the court of appeals grants the motion for extension of time.

*Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (stating that an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

We ORDER Appellant to show cause in writing within TWENTY DAYS of the date of this order why this appeal should not be dismissed for want of jurisdiction. *See Olivo*, 918 S.W.2d at 522; *Ater*, 802 S.W.2d at 243.

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of January, 2018.



KEITH E. HOTTLE,
Clerk of Court